## Sweeney *vs.* Smith.

### APPEAL FROM EDMONSON CIRCUIT.

1. If land be conveyed directly to the wife, but to her separate use, and not to be liable to the debts of the husband, she may nevertheless create a charge upon it.
2. No personal judgment can be rendered against a *feme covert* upon a note executed by herself and husband.

ORD. PET.

Case 37.

15bm325
105  420

Smith, holding a note signed by Sweeney and wife, brought an action by ordinary petition thereon against the husband and the wife. The defendants filed a joint demurrer to the petition, but afterwards withdrew it, and Mrs. Sweeney alone answered, insisting upon her coverture as a defense to the action. The plaintiff replied to the plea, and alleged that the note sued on was given in consideration of carpenter's work done upon a house upon a tract of land in Edmonson county, conveyed to Mrs. Sweeney. A jury was sworn. On the trial, the plaintiff exhibited and read to the jury a deed of conveyance from Wm. Ford to Mrs. Sweeney. The jury rendered a verdict for the

Case stated.

plaintiff, and judgment was given. Sweeney and wife have appealed.

*W. L. Underwood*, for appellant—

1. The first question presented by this record is whether a *feme covert* who signs a note with her husband for the payment of money can in any case be sued at law, a judgment rendered against her personally, and her separate property subjected to sale under execution.

2. If so, do the facts in this case warrant such a proceeding.

The fact is admitted by the pleadings that Mr. and Mrs. Sweeney, the defendants, are husband and wife, and were when the note was given. The note was given for a balance due to the payee for carpentering. At whose instance the work was done does not appear, nor does it appear that the carpenter's work was done upon the land.

By the common law a married woman is incapable of entering into any agreement as a *feme sole*. The general rule is that she can make no obligatory contract during coverture. Her legal existence during the coverture is merged in that of her husband, nor can he or she be sued upon her contracts unless ratified by him. It is equally well settled as a rule of the common law, that coverture is a good plea, notwithstanding a divorce *a mensa et thora*. (*Clancy on Marital Rights*, 54; *Story on Contracts, sec.* 62–69.) These well understood elementary principles have received the authoritative sanction of this court in repeated instances. Without giving the various cases, I will refer the court to the following. (*Jarman vs. Wilkerson*, 7 *B. Mon.* 293; *Breckinridge vs. Coleman, Ib.* 334; *Coleman vs. Woolley's ex.* 10 *Ib.* 321; *Johnson and wife vs. Jones*, 12 *Ib.* 329; *Hall and wife vs. Sayre*, 10 *Ib.* 46.)

But it is contended that it is competent for a *feme covert* to contract in respect to her separate estate, and that this case comes within the exception to the

general rule as to her incapacity. So far as there exists any such exception, the jurisdiction rests with the equitable jurisdiction of the court. And it has never been decided in equity that a *feme covert*, without any express power of disposition, reserved or granted, can charge her real estate by a mere note for money. (*Hall vs. Sayre*, 10 *B. Mon. supra*.) Nor has it ever been supposed that because a married woman owns a tract of land, separate from her husband, she may make any and all contracts in relation to houses and all other structures, to whatever extent she may think proper. But there is no proof in this case that the carpenter's work was done upon the land deeded to Mrs. Sweeney, and what does not appear is presumed not to exist.

Some proof may have been made to show the *necessity* of work upon the house. It may be conceded that a house is a necessary thing. But it is not that sort of *necessity* for which a wife may contract in contemplation of law. The carpenter's work seems not to have been for residence, but to improve a watering place for the accommodation of others, and does not appear to have been done at the request or on the land of Mrs. Sweeney. We ask a reversal.

No brief on file for appellee.

Chief Justice MARSHALL delivered the opinion of the Court—

January 16.

If the judgment in this case had been against the land instead of the person of Mrs. Sweeney, it would not have been reversable, although rendered in an action by ordinary proceedings against herself and husband, and although there was no transfer of the case, as against her, to the equitable docket. But the deed referred to in the pleading of the plaintiff, and exhibited in evidence, conveys to her a separate estate in the land therein mentioned. And although she may render that estate liable for her engagements, she cannot bind herself personally. She

1. If land be conveyed directly to the wife, but to her separate use, and not to be liable to the debts of the husband, she may nevertheless create a charge upon it.

therefore was not subject to a personal judgment on the note executed by her husband and herself. In this case the deed conveys the land directly to the wife, yet as it is expressly for her separate use and benefit, and not to be liable in any way for the debts of her husband, there seems to be still some ground for distinguishing it from an ordinary conveyance to her in fee, and for regarding it as subject to her power of appointment and disposition as a separate estate, to which even the limited power which under our recent statutes the husband has over the wife's

2. No personal judgment can be rendered against a *feme covert* upon a note executed by herself and husband.

land does not attach. But even if this distinction be not made, the statutes referred to, while they subject the wife's land to debts contracted for necessaries, and evidenced by writing signed by both husband and wife, do not make the wife personally liable, nor capacitate her to bind herself. They only capacitate her to bind her estate, and there seems to be no reason for enlarging the liability which she may thus create, or for changing the mode of enforcing it. In any view, therefore, the judgment, so far as she is concerned, should only have been against her land, for improvements on which the debt seems to have been contracted.

Wherefore, the judgment against her is reversed, and the cause is remanded for a judgment subjecting her estate to the satisfaction of the debt sued for, and the costs.